## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

TASC PERFORMANCE, INC.

        Plaintiff,

v.

SHORT PAR 4, LLC

        Defendant.

CIVIL NO.: 2:24-00443

JUDGE:

MAG:

## COMPLAINT

Plaintiff tasc Performance, Inc. asserts its causes of action against Short Par 4, LLC as follows:

## PARTIES

1.      Plaintiff tasc Performance, Inc. is a domestic corporation incorporated and existing under the laws of the State of Louisiana and having its principal place of business in Jefferson Parish, Louisiana.

2.      Defendant Short Par 4, LLC is a foreign limited liability company that does business in Louisiana, but has its principal place of business in Bradenton, Florida.

3.      Short Par 4 is a two-member limited liability company.

4.      Short Par 4's members are Martin Haas and Robert DiMeo, both of whom are domiciled and reside in Florida.

5.      Accordingly, Short Par 4, LLC is a citizen of Florida.

## JURISDICTION AND VENUE

6.      The Court has subject-matter jurisdiction over tasc's claims pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of fees and costs, is greater than $75,000

and there is complete diversity of citizenship between the parties as tasc is a Louisiana citizen and Short Par 4 is a Florida citizen.

7.      The Court has personal jurisdiction over Short Par 4 because it regularly and systematically transacted business with tasc on an open account created in Louisiana.  The exercise of jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and the Louisiana Long Arm Statute, La. R.S. § 13:3201, permits the exercise of personal jurisdiction. *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to tasc's claim occurred in this judicial district.

## FACTS

9.      tasc is a privately-owned corporation that manufactures innovative, natural performance apparel. Established in 2009, tasc creates original fabrics that are environmentally-friendly and provide unparalleled feel and performance.

10.     In addition to direct-to-customer transactions, tasc generates revenue through sales to retailers and wholesalers.

11.     When tasc receives payment from a retailer or wholesaler, tasc applies the payment to the oldest unpaid invoice(s) on the account.

12.     In 2020, Short Par 4, a subscription-based retailer, began ordering product from tasc.  Some of the orders included custom-made products, requiring tasc to manufacture product that it did not normally maintain in inventory, such as custom colors and fabrics.

13.    In the ordinary course of business, Short Par 4 would send tasc purchase orders; tasc would fulfill them; tasc would invoice Short Par 4 for the amount due; and Short Par 4 would remit payment.

14.    tasc and Short Par 4 did business in this manner on an ongoing basis.

15.    In August 2022, Short Par 4 placed five orders with tasc.

16.    The product Short Par 4 ordered, and tasc ultimately manufactured and delivered, was custom-made specific to the account, meaning tasc could not sell the product to other retailers/wholesalers or customers.

17.    tasc fulfilled the orders and delivered the product. It also issued five invoices for the product it delivered and manufactured for Short Par 4's benefit on September 29, 2023:

      i.    Invoice No. 888950977 - $21,700.00

      ii.    Invoice No. 888950973 - $82,743.00

      iii.    Invoice No. 888950974 - $60,639.50

      iv.    Invoice No. 888950975 - $58,942.00

      v.    Invoice No. 888950976 - $44,713.50

18.    Consistent with the parties' business dealings, the invoices were "Net 60", meaning payment was due 60 days from the invoice date.

19.    For the invoices at issue, payment was due on November 28, 2023.

20.    Short Par 4 did not make payment on any of the five invoices by November 28, 2023.

21.    At the time tasc invoiced the orders itemized above, Short Par 4 had an outstanding balance in excess of $100,000.00 related to unpaid invoices from March and April of 2023.

22.    Short Par 4 was slow to make payment on these previously outstanding invoices and made sporadic, partial payments until they were paid off in December 2023.  Specifically, Short Par 4

issued payments to extinguish the amounts owed before September 29, 2023 on October 16, 2023 and December 12, 2023.

23.     Consistent with its policy and business dealings with Short Par 4, tasc applied the payments received in October and December 2023 to the oldest unpaid invoices on the account.

24.     On February 5, 2024, Short Par 4 made payment on Invoice No. 888950977 in the amount of $21,700.00.  However, the other four invoices remain outstanding in the amount of $247,038.00. *See* Exhibit "A", Account Statement for Short Par 4, LLC dated February 14, 2024.

25.     Due to Short Par 4's continued delinquency, tasc has made continual requests for payment, to which Short Par 4 has advised "[w]e have every intention of paying TASC in full for the product we received."

26.     To date, Short Par 4 has not brought its account current.

27.     tasc has invoiced Short Par 4 $247,038.00 for the product it delivered to Short Par 4 for which Short Par 4 has not paid.

## LOUISIANA OPEN ACCOUNT STATUTE

28.     In accordance with La. R.S. § 9:2781(C), tasc makes demand upon Short Par 4 for payment on all outstanding invoices (Invoice Nos. 888950973, 888950974, 888950975, and 888950976).

29.     To date, Short Par 4 owes tasc $247,038.00 for product it manufactured and delivered. *See* Exhibit "B", Unpaid Invoices.

30.     If Short Par 4 fails to pay tasc the amounts due within 15 days of service of this Complaint, it will be liable to tasc for its attorneys' fees incurred in seeking to collect the amounts owed, as well as for interest and costs.

## ALTERNATIVE CAUSES OF ACTION

31.    Alternatively, Short Par 4's failure to make payment on the unpaid invoices, despite its agreement and promise to pay for the product tasc manufactured and delivered, entitles tasc to damages under claims for breach of contract and detrimental reliance.

**WHEREFORE,** tasc respectfully prays:

1. That Defendant Short Par 4, LLC be served with a copy of this Complaint, and that it be duly cited to appear and answer same;

2. That after all legal delays and due proceedings be had, there be judgment herein in favor of tasc and against Short Par 4, LLC for:

   a.    $247,038.00 for product tasc manufactured, delivered, and invoiced;

   b.    legal interest from the date of judicial demand until paid;

   c.    reasonable attorneys' fees as provided for in La. R.S. § 9:2781; and

   d.    all costs of these proceedings through collection of all amounts due and owing; and

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s Hunter J. Schoen*
Hunter J. Schoen (#37682)
450 Laurel St. Suite 1900
Baton Rouge, LA 70801
Telephone:    225.336.5200
Facsimile:     504.566.0210
hunter.schoen@arlaw.com

and

Erica P. Sensenbrenner (#38400)
Hancock Whitney Center
701 Poydras Street, Ste. 4500
New Orleans, LA 70139
Telephone:     (504) 581-3234
Facsimile:     (504) 566-0210
erica.sensenbrenner@arlaw.com

***Counsel for tasc Performance, Inc.***